IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATHRYN R. J.,[1]　　　　　　　　　　　6:20-cv-00723-BR

　　　　Plaintiff,　　　　　　　　　　OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

　　　　Defendant.

**KATHERINE L. EITENMILLER**
**MARK A. MANNING**
Harder, Wells, Baron & Manning, P.C.
474 Willamette St.
Eugene, OR 97401
(541) 686-1969

　　　　Attorneys for Plaintiff

**SCOTT ERIK ASPHAUG**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

[1] In the interests of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case. Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**L.JAMALA EDWARDS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2732

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Kathryn R. J. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On January 2, 2018, Plaintiff protectively filed her application for DIB benefits. Tr. 16, 151-52.[2] Plaintiff

---

[2] Citations to the official Transcript of Record (#12) filed by the Commissioner on November 5, 2020, are referred to as "Tr."

alleges a disability onset date of September 15, 2015. Tr. 16, 153. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on June 12, 2019. Tr. 16, 28-63. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

On July 10, 2019, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 16-23. Plaintiff requested review by the Appeals Council. On March 5, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On May 1, 2020, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on July 18, 1956. Tr. 151. Plaintiff was 59 years old on her alleged disability onset date. Tr. 64. Plaintiff has a high-school education and completed one year of college. Tr. 187. Plaintiff has past relevant work experience as a loan officer and vice president of a financial institution.

3 - OPINION AND ORDER

Tr. 22, 206.

Plaintiff alleges disability due to left-hip replacements (twice), gluteus scarring, buttock pain, and pain when sitting. Tr. 65.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 18-21.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its

judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed

Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the

national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since September 15, 2015, Plaintiff's alleged disability onset date.  Tr. 18.

At Step Two the ALJ found Plaintiff has the severe impairments of "degenerative joint disease status-post hip reconstructive surgery and obesity."  Tr. 18.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 19.  The ALJ found Plaintiff has the RFC to perform sedentary work with the following limitations:  can only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; can only

occasionally tolerate exposure to extreme cold and to pulmonary irritants; and cannot tolerate any exposure to workplace hazards such as unprotected heights and moving machinery. Tr. 19.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work. Tr. 22.

Accordingly, the ALJ found Plaintiff is not disabled. Tr. 22.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to provide legally sufficient reasons for discounting the medical opinion of Kelly Smith, F.N.P., Plaintiff's treating provider, regarding Plaintiff's limitations and (2) failed to provide legally sufficient reasons for discounting Plaintiff's symptom testimony.

**I. The ALJ did not err when he discounted F.N.P. Smith's medical opinion.**

Plaintiff contends the ALJ erred when he discounted F.N.P. Smith's medical opinion regarding Plaintiff's limitations.

**A. Standards**

Because Plaintiff filed her application after March 27, 2017, new regulations apply to the ALJ's evaluation of

medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Med. Evid.*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017). *See also Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (W.D. Wash. Nov. 6, 2020). The new regulations provide the Commissioner "'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion[s] or prior administrative finding(s)[.]'" *Id.*, at *2 (quoting 20 C.F.R. § 404.1520c(a)). "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by . . . agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence." 20 C.F.R. § 404.1513(a)(5). In addition, the new regulations rescinded SSR 06-03p in which the Social Security Administration "explained how [it] considers opinions and other evidence from sources who are not acceptable medical sources. . . . The [new] rules revised [this] polic[y]. . . . For example, in claims filed on or after March 27, 2017, the final rules state that all medical sources, not just acceptable medical sources, can make evidence that [it] categorize[s] and consider[s] as medical opinions." Rescission of Soc. Sec. Rulings 96-2p, 96-5p, and 06-3p, SSR 96-2P 2017,

WL 3928298, at *1 (S.S.A. Mar. 27, 2017). In other words, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on "supportability" and "consistency" using the factors specified in the regulations. 20 C.F.R. § 404.1520c(c). Those factors include "supportability," "consistency," "relationship with the claimant," "specialization," and "other factors." *Id.* The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. *Id. See also Linda F.*, 2020 WL 6544628, at *2.

In addition, the regulations change the way the Commissioner should articulate his consideration of medical opinions.

> First, we will articulate our consideration of medical opinions from all medical sources regardless of whether the medical source is an AMS [Acceptable Medical Source]. Second, we will always discuss the factors of supportability and consistency because those are the most important factors. Generally, we are not required to articulate how we considered the other factors set forth in our rules. However, when we find that two or more medical opinions . . . about the same issue are equally well-supported and consistent with the record but are not exactly the same, we will articulate how we considered the other most persuasive factors. Third, we added guidance about when articulating our consideration of the other factors is required or discretionary. Fourth, we will discuss how persuasive we find a medical opinion instead of

>giving a specific weight to it. Finally, we
>will discuss how we consider all of a medical
>source's medical opinions together instead of
>individually.

*Revisions to Rules*, 82 Fed. Reg. 5844.

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [the ALJ] considered the medical opinions" and "how persuasive [the ALJ] find[s] all of the medical opinions." 20 C.F.R. § 404.1520c(a) and (b)(1). The ALJ is required to "explain how [the ALJ] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. § 404.1520c(b)(2). "At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion." *Linda F.*, 2020 WL 6544628, at *2. Finally, the Court must also "continue to consider whether the ALJ's analysis has the support of substantial evidence." *Id.*, at *2 (citing 82 Fed. Reg. at 5852).

### B. Analysis

F.N.P. Smith began treating Plaintiff for chronic low-back pain, left-hip pain, and Type II diabetes in August 2015 on a quarterly basis. Tr. 471. On April 17, 2019, F.N.P. Smith

completed a Treating Source Statement. Tr. 471-75. She notes Plaintiff needs to lay down for an hour or rest periodically during the day due to increased pain when sitting. Tr. 472. F.N.P. Smith also indicates Plaintiff can walk for half a block without rest or significant pain; can sit for 20 minutes at a time for four hours total in an eight-hour workday; can stand/walk for 45 minutes at a time for three hours total in an eight-hour day; needs to shift positions at will from sitting, standing, or walking; needs a two-minute break three times every hour; can frequently carry less than 10 pounds but can never carry more than 10 pounds; needs to elevate her legs periodically during an eight-hour day; and will be absent from work for more than four workdays per month. Tr. 473-74. The ALJ concluded F.N.P. Smith's opinion regarding Plaintiff's limitations is inconsistent with Plaintiff's ongoing part-time work and the treatment of her symptoms with only acetaminophen, massage, physical therapy, and acupuncture. Tr. 21. The ALJ also noted F.N.P. Smith's assessment that Plaintiff was unable to carry more than 10 pounds "would likely not permit even part-time work." Tr. 21.

The ALJ, however, found the opinions of William Nisbet, M.D., and Susan Moner, M.D., state-agency nonexamining

medical consultants, to be persuasive. Tr. 21. On July 26, 2018, Dr. Nisbet concluded Plaintiff can perform sedentary work with certain exertional and exposure limitations. Tr. 71-73. On October 14, 2018, Dr. Moner reached the same determination. Tr. 86-88. The ALJ found these assessments persuasive on the grounds that limiting Plaintiff to sedentary work allows Plaintiff to perform jobs that are largely done in a seated position and require minimal lifting and carrying; postural restrictions allow Plaintiff to avoid repetitive motion that could affect her left hip; and avoiding exposure to hazards protects Plaintiff from potential for aggravation of hip discomfort, avoids exacerbation of her nonsevere respiratory impairment, and protects against the risk of injury due to any difficulty maneuvering safely or the impact of obesity. Tr. 21.

The ALJ noted there are few ongoing treatment records following Plaintiff's hip-replacement surgery, and Felix Kirven, M.D., her orthopedic surgeon, did not indicate Plaintiff has any permanent restrictions as a result of her surgery. Tr. 21. In June 2017 Plaintiff reported to Dr. Kirven that she was "doing well" and "not having any problems." Tr. 21, 449-52. In December 2017 Plaintiff reported to Dr. Kirven that she had a clicking sensation in her hip, but she was doing well, was

"fully functional," and had normal strength.  Tr. 21, 453-56.
Although Plaintiff described some difficulty standing or sitting
in June 2018, she denied weakness or additional complaints and
there are not any ongoing treatment records that indicate
ongoing limitations.  Tr. 21, 457-61.

The Court concludes on this record that the ALJ did
not err when he discounted F.N.P. Smith's opinion regarding
Plaintiff's limitations because the ALJ provided legally
sufficient reasons supported by substantial evidence in the
record for doing so.

**II. The ALJ did not err when he discounted Plaintiff's testimony.**

Plaintiff contends the ALJ erred when he failed to provide
legally sufficient reasons supported by substantial evidence in
the record for rejecting Plaintiff's subjective symptom
testimony.

**A. Standard**

The ALJ engages in a two-step analysis to determine
whether a claimant's testimony regarding subjective pain or
symptoms is credible.  "First, the ALJ must determine whether
the claimant has presented objective medical evidence of an
underlying impairment 'which could reasonably be expected to
produce the pain or other symptoms alleged.'"  *Garrison v.*

*Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant need not show her "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)(same). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B. Analysis**

On May 6, 2018, Plaintiff completed an Adult Function Report. Tr. 220-27. Plaintiff noted as a result of her two hip surgeries she has scar tissue that affects her ability to sit, to stand, or to travel. She also noted the pain affects her level of stress, and she is easily overwhelmed. Tr. 220. Plaintiff indicated she is unable to work full-time because she needs to rest her hip, she works four four-and-a-half hour shifts per week during which she is allowed to walk and to stretch as necessary, and she rests her hip in the afternoons and on her days off. Tr. 220. Plaintiff reported in a typical day she gets up and showers; goes to work for her shift; comes home; lies down to rest her hip; does "other necessary things" such as grocery shopping, laundry, and walking; and goes to bed early. Tr. 221. Pain from her hip and muscle cramps interrupt her sleep. Tr. 221. She uses a shower and toilet bar for stability, but she is otherwise independent in her self-care. Tr. 222. Plaintiff makes simple meals and is able to do basic household chores, but she has a housekeeper who cleans the floors and bathroom twice a month and a handyman who does yard work and maintenance. Tr. 222-23. She is able to "get a little walk most days," shops twice a week for 30 minutes, and attends

church regularly. Tr. 223-24. Plaintiff indicates she can "sometimes" walk a quarter mile before she needs to stop and rest, and she can maintain attention for 30 minutes if seated. Tr. 225. She sometimes uses a cane or walking stick. Tr. 226.

Plaintiff testified at the hearing that she works part-time as a receptionist. Tr. 39. Her employer allows her to stand up when she needs to take a break or to stretch. Tr. 40. Plaintiff testified she is unable to work full-time because her pain makes it difficult to talk to people and affects her ability to concentrate. Tr. 40, 50.

The ALJ concluded although Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her statements regarding the intensity, persistence, and limiting effects of these symptoms are inconsistent with the treatment record. Tr. 20. For example, the ALJ noted there are few ongoing treatment records following Plaintiff's hip-replacement surgery, and her surgeon has not indicated Plaintiff has any permanent restrictions from her surgery. Tr. 21. As noted, in June 2017 Plaintiff reported to Dr. Kirven that she was "doing well" and "not having any problems" and in December 2017 Plaintiff reported to Dr. Kirven that she had a clicking sensation in her hip but was doing well,

was "fully functional," and had normal strength. Tr. 21, 449-56. In June 2018 Plaintiff stated she was having difficulty standing and/or sitting, but she denied weakness or additional complaints and there are not any ongoing treatment records that indicate ongoing limitations. Tr. 21, 457-61. The ALJ also noted Plaintiff's ongoing treatment was minimal and conservative. Tr. 21. In addition, the ALJ concluded Plaintiff's alleged symptoms are inconsistent with her daily activities. Tr. 20. As noted, Plaintiff works part-time, makes simple meals, shops in stores, goes for walks, and attends church. Tr. 20.

The Court concludes on this record that the ALJ did not err when he discounted Plaintiff's symptom testimony regarding her limitations because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 12th day of May, 2021.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge